UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Robert Daley,

                            Plaintiff,

   -v.-                                         1:05-CV-00047 (NPM)

Commissioner of Social Security,

                            Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR THE PLAINTIFF: | |
| Office of Stephen J. Mastaitis, Jr.<br>1412 Route 9P<br>Saratoga Springs, NY 12866 | Stephen J. Mastaitis, Jr. |
| FOR THE DEFENDANT: | |
| Glenn T. Suddaby<br>United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | William H. Pease, AUSA |
| Barbara L. Spivak<br>Chief Counsel - Region II<br>Office of the General Counsel<br>Social Security Administration<br>Baltimore, MD 21235 | Kimberly L. Schiro,<br>Assistant Regional Counsel |

Neal P. McCurn, Senior District Judge

## *Memorandum, Decision and Order*

### I. Introduction

By this action, plaintiff Robert Daley ("plaintiff" or "Daley") timely seeks judicial review of a final decision by defendant, Commissioner of the Social Security Administration ("the Commissioner"), denying his application for Supplemental Security Income ("SSI") benefits for lack of disability, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Presently before the court is a motion for judgment on the pleadings by plaintiff, and a cross-motion for judgment on the pleadings by defendant, pursuant to Fed. R. Civ. P. 12(c).  Plaintiff seeks an order vacating the Commissioner's decision and remanding the matter to the Social Security Administration ("SSA"), directing a finding of disability for the sole purpose of calculation of benefits.  Defendant opposes, and seeks an order affirming its decision.  The parties have filed their respective briefs, including the Administrative Record on Appeal, and the matter has been submitted and considered without oral argument.  For the reasons set forth below, the court affirms the Commissioner's decision in part and remands in part for further administrative proceedings consistent with this opinion.

### II. Procedural Background

Plaintiff initially applied for SSI on June 19, 2001.  The application was denied, and plaintiff timely requested a hearing, which was held before an Administrative Law Judge ("ALJ") on February 21, 2003, and again on May 9, 2003.[1]  The ALJ decided on June 4, 2003 that plaintiff was not disabled, which became the final decision of the Commissioner on December 3, 2004, when the

---

[1] The purpose of the latter hearing was to record the testimony of a vocational expert.

Appeals Council denied plaintiff's request for review.  This timely civil action followed.

### III.  *Contentions*

Essentially, plaintiff opposes the ALJ's conclusion that he retains the capacity to perform jobs existing in significant numbers in the national economy. Plaintiff  contends said conclusion was not supported by substantial evidence in that (1) the ALJ improperly discredited the opinions of Dr. Susan Muller, the Saratoga County Department of Social Services ("DSS"), and the plaintiff himself; and (2) the ALJ improperly relied on testimony of a vocational expert.  See Pl.'s Mem. of Law at 4, 6, Dkt. No. 7.

### IV.  *Factual Background*

Plaintiff Daley, born October 6, 1951, was 51 at the time of the Commissioner's decision at issue here.  Tr. 59, 181.  Daley attended high school through the eleventh grade, but eventually obtained a general equivalency diploma, or GED.  Tr. 59, 105.  Daley's relevant work history consists solely of employment as a cook.  Tr.62.  Daley alleges that he has been unable to work due to a disability since November 15, 2000.  Tr. 181.  According to Daley, several medical conditions keep him from working, including low back pain, depression, chest pain, stress, varicose veins, eye problems and fibromyalgia.  Tr. 59-60.

#### A.     *Dr. Susan Muller*

Daley saw Dr. Susan Muller at the Saratoga Family Health Center a total of three times, from December 12, 2002 through February 20, 2003.  The first time Dr. Muller saw Daley, he presented with pain and swelling in his left ear, and depression. Tr. 443-44.  On January 29, 2003, Dr. Muller examined Daley in response to a request from hiss attorney for an evaluation regarding Daley's claim

for SSI.  Her treatment notes indicate Daley stated he could not sit or stand for more than one hour, nor walk for more than a couple of hours without severe low back pain.  Tr. 441.  Daley also told Dr. Muller that he could not lift more than ten pounds without neck or low back pain.  Id.

    Dr. Muller recorded the results of her physical evaluation of Daley as follows: Tenderness to palpation over the occiput, cervical paraspinal muscles, trapezius and supraspinous region of the neck, his response to which is "somewhat exaggerated" on exam.  He has poor range of motion with discomfort, especially with rotation and lateral bending.  Regarding his back, there is tenderness to palpation over bilateral lumbar paraspinal muscles, gluteus muscles and greater trochanter region, the response to which is "somewhat exaggerated" on exam.  He has extension and lateral bending full range of motion, straight leg raise is negative bilaterally, sensory strength is full and equal bilaterally, and his reflexes are +1 and symmetric.  Dr. Muller concluded that Daley has chronic neck and low back pain with underlying depression, and she further noted, "I suspect not only does the patient have chronic neck and low back pain, which is more likely musculoskeletal in nature, rather than a true operative herniated disc, but also underlying fibromyalgia given his exaggerated response to palpation of those muscles." Tr. 441.

    As a result of Dr. Muller's examination of Daley, she opined that he can sit for one hour at a time, up to three hours during an eight-hour workday; he can stand for one hour at a time, up to three hours total, and he can walk for two hours at a time, up to four hours total.  Tr. 436.  According to Dr. Muller, Daley's disability requires him to change positions often and lie down periodically throughout the day in order to relieve pain.  Id.  Dr. Muller further opined that

3

Daley may frequently lift up to ten pounds, occasionally lift up to twenty pounds, and never lift over twenty pounds, and that he may bend, squat, crawl, climb and reach only occasionally. Tr. 436-37. Finally, Dr. Muller concludes that Daley has marked pain, which would restrict his ability to maintain concentration, and that he is moderately restricted from operating a motor vehicle or being around moving machinery. Tr. 437.

The last time Dr. Muller saw Daley was February 20, 2003. Her report notes the results of an MRI conducted January 31, 2003, Tr. 468, which are as follows: "Evidence of diffuse disc desiccation. Disc bulges at multiple levels []. Combination of disc bulge and facet arthropathy at L3-4 may compromise the left L4 nerve root. Small focal central disc protrusion at L4-5 without evidence of nerve root compromise." Tr. 460-61.

### B.   *The Saratoga County Department of Social Services*

On May 21, 2001, the Saratoga County Department of Social Services determined that Daley is disabled withing the meaning of 18 N.Y. COMP. CODES R. & REGS. § 360-5.2(b), which states that "disability is the inability to engage in substantial gainful activity (work) by reason of any medically determinable physical or mental impairment ... ." Tr. 410.

### C.   *Plaintiff*

At his February 21, 2003 hearing, Daley testified that he can stand or walk for fifteen minutes before he experiences pain, and that sitting for thirty minutes causes him pain, although it helps to change positions. Tr. 76-77, 88-89. Daley further testified that he cannot lift more than twenty pounds without experiencing low back pain, but that he does not have difficulty lifting, for example, a gallon of milk. Tr. 77-78. Regarding his depression, Daley states that "life is just really

4

hard and . . . it's no fun." Tr. 72.  He has difficulty concentrating, Tr. 82, and experiences memory problems, Tr. 76, 80, 86-87.

At his May 9, 2003 hearing, Daley testified that in the last fifteen years, he was employed primarily as a cook, but did some dishwashing also.  Tr. 121-24.  In addition, Daley stated that he was once employed as a preparer for a short time, which required him to stand for most of the day.  Tr. 123.  His employment as a cook required him to frequently lift more than fifty pounds, i.e. ten-gallon pots and boxes containing cuts of meat.  Tr. 115-16.

### D.     *Vocational Expert Julie Andrews*

Also at the May 9, 2003 hearing, the ALJ heard testimony from a vocational expert, Julie Andrews.  After listening to Daley's testimony regarding his work history and physical capabilities, and after reviewing Daley's SSI application and disability report, his MRI report, Dr. Muller's report, and records from Saratoga Hospital and Saratoga Hospital Mental Health, Ms. Andrews rendered her opinion that Daley is capable of performing the necessary functions of a position in "small product assembly", and of the position of "preparer".  Tr. 129-131.  On examination by Daley's counsel, Ms. Andrews agreed that she did not consider either exhibit 12F (psychiatric review) nor exhibit 13F (mental residual functional capacity assessment) both conducted by Michelle Marks, Ph. D. on September 6, 2001.  Tr. 132.  The psychiatric review revealed that Daley often has deficiencies in maintaining concentration, persistence or pace.  Tr. 388.  The mental residual functional capacity assessment revealed that Daley is moderately limited in the ability to maintain attention and concentration for extended periods.  Tr. 392. Ms. Andrews testified that both of the aforementioned limitations would impact her opinion as to whether Daley could perform the positions of preparer or small

product assembler, and that in fact, said limitations would eliminate those positions, and any others, as possible positions for Daley to perform.  Tr. 132-33.

*V.  Discussion*

This court does not review a final decision of the Commissioner *de novo*, but instead "must determine whether the correct legal standards were applied and whether substantial evidence supports the decision."  Butts v. Barnhart, 388 F.3d 377, 384 (2d Cir. 2004) (internal citation omitted).  See also Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004).  When determining whether substantial evidence supports the Commissioner's decision, a court evaluates the record as a whole.  See Curry v. Apfel, 209 F.3d 117, 121 (2d Cir. 2000) (internal citation omitted).  "Substantial evidence" is evidence that amounts to "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Halloran, 362 F.3d at 31 (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420 (1971)).  "An ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision."  Gravel v. Barnhart, 360 F.Supp.2d 442, 444-445 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).   When reviewing a determination by the Commissioner, a district court, in its discretion, "shall [...] enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner [...], with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  See also 42 U.S.C. § 1383(c)(3).  See also Butts, 388 F.3d at 385.

An individual is "disabled" for purposes of his or her eligibility for SSI if he or she is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]

42 U.S.C. § 1382c(a)(3)(A).  The Commissioner may deem an individual applicant for SSI to be disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

   SSA regulations set forth a five-step sequential evaluation process, by which the Commissioner is to determine whether an applicant for SSI is disabled pursuant to the aforementioned statutory definition.  See 20 C.F.R. § 416.920. The Second Circuit Court of Appeals aptly summarizes this process as follows:

> The first step of this process requires the Secretary to determine whether the claimant is presently employed. If the claimant is not employed, the Secretary then determines whether the claimant has a "severe impairment" that limits her capacity to work. If the claimant has such an impairment, the Secretary next considers whether the claimant has an impairment that is listed in Appendix 1 of the regulations. When the claimant has such an impairment, the Secretary will find the claimant disabled. However, if the claimant does not have a listed impairment, the Secretary must determine, under the fourth step, whether the claimant possesses the

> residual functional capacity to perform her past relevant
> work. Finally, if the claimant is unable to perform her
> past relevant work, the Secretary determines whether the
> claimant is capable of performing any other work. If the
> claimant satisfies her burden of proving the requirements
> in the first four steps, the burden then shifts to the
> Secretary to prove in the fifth step that the claimant is
> capable of working.

Brown v. Apfel, 174 F.3d 59, 62 (2d Cir. 1999) (quoting Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996)).

Here, the ALJ found that Daley did not engage in substantial gainful activity at any time since his alleged disability onset date, Tr. 43, and that he had a severe impairment, Tr. 46. The ALJ next found that Daley's impairment was not listed in Appendix 1 of the regulations. See 20 C.F.R. Pt. 404, Subpt. P, App.1. Finally, the ALJ concluded that while Daley does not possess the residual functional capacity ("RFC") to perform his past relevant work as a cook, he is able to perform some light work. Tr. 50. Taking into consideration Daley's limitations, the ALJ adopted the vocational expert's opinion that Daley can perform a position in small product assembly or the position of preparer, both of which exist in significant numbers in the national economy, and therefore, the ALJ concluded, Daley is not disabled within the meaning of the Social Security Act. Tr. 50-51.

Daley contends that the ALJ erred at step five of the sequential evaluation process when he determined that Daley can perform jobs existing in the national economy. Specifically, Daley contends the ALJ failed to properly credit his testimony, and failed to properly consider Dr. Muller's opinion as well as the determination of the Saratoga County DSS. In addition, Daley contends that the ALJ improperly considered the opinion of Ms. Andrews, the vocational expert.

8

The court will address these contentions *seriatum*.

Regarding Daley's testimony, the ALJ concluded that while "[Daley] has some discomfort, he does not believe it is of the intensity, duration or frequency as to preclude the performance of work related functions." Tr. 49. The ALJ found that Daley was not totally credible because he exhibited drug-seeking behaviors and because "it appears that he may exaggerate his symptoms for secondary gain[]" based on records from Daley's visit to the Saratoga Hospital emergency room on July 16, 2000, and from his visit with a physician's assistant at Saratoga Family Health on July 1, 2002, respectively. Tr. 335, 446. Moreover, the ALJ noted that Daley's complaints of pain and his limitations of mobility are inconsistent with the objective medical findings.

It is the province of the Commissioner, not the reviewing district court, to "resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." Aponte v. Secretary, Dep't of Health and Human Servs., 728 F2d. 588, 591 (2d Cir. 1984). As long as the ALJ's finding are supported by substantial evidence, "the court must uphold [his] decision to discount a claimant's subjective complaints ... ." Id. (internal citations omitted).

Pursuant to Social Security Ruling 96-7p as well as section 20 C.F.R. 416.929(c)(3), the ALJ, in evaluating an individual's symptoms, such as pain, shall consider the following factors:

    1.    The individual's daily activities;
    2.    The location, duration, frequency, and intensity of the individual's pain or other symptoms;
    3.    Factors that precipitate and aggravate the symptoms;
    4.    The type, dosage, effectiveness, and side

9

>    effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his back or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

Social Security Ruling 96-7p, 61 Fed. Reg. 34483-01 (July 2, 1996).  See also 20 C.F.R. § 416.929(c)(3).

Here, the ALJ considered Daley's daily activities, including grocery shopping with his girlfriend, going to a soup kitchen, the mall, and the Salvation Army, as well as his sleep habits.  The ALJ also considered Daley's allegations regarding his pain and his limitations on mobility due to pain, as well as his treatment and medications.  The ALJ's resultant finding that Daley's complaints of pain and limitations are inconsistent with the objective medical findings is supported by substantial evidence.  For example, although Daley contends that he can stand and walk for only about fifteen minutes and can sit for about thirty minutes without low back pain, an examination by Dr. Todd R. Jorgensen revealed that "[t]here are no objective findings on examination of his back[]" and "his most significant disability is likely revolving around depression." Tr. 376.  Further, Daley's allegations regarding his mobility limitations, given during his testimony before the ALJ, are more severe than his complaints to Dr, Muller, given just three

weeks prior. Tr. 76-77, 88-89; 441.  Accordingly, this court will not disrupt the ALJ's credibility finding regarding Daley's testimony.

As for Dr, Muller's opinion, the ALJ did not accord it full weight because "it is not supported by the objective finding of record." Tr. 48.  Just as the court may not disturb an ALJ's appraisal of a witness's testimony, including the claimant's, as long as it is supported by substantial evidence, "while the opinions of a treating physician deserve special respect, genuine conflicts in the medical evidence are for the [Commissioner] to resolve." Aponte, 728 F.2d at 591 (internal citations omitted).  Here, the ALJ noted that it appeared Dr. Muller formed her opinion regarding Daley's mobility limitations based solely on Daley's subjective complaints, and that her opinion was inconsistent with the results of an August 2001 X-ray, "which revealed only mild disc pace narrowing at L2-L3 and L3-L4 with early osteophyte formation." Tr. 48.  Further, the ALJ found that Dr. Muller's opinion was inconsistent with Dr. Jorgensen's findings that Daley had full range of motion and strength throughout, and his sensory examinations were intact.  Id.  In addition, as the Commissioner raises in his papers, it is questionable whether Dr. Muller may be deemed a treating physician as she saw Daley only three times in a three-month period, and evaluated his back condition based on only one of those meetings. Tr. 434-62.  See also 20 C.F.R. § 416.927(d)(2)(i).  Therefore, the ALJ's decision not to accord Dr. Muller's opinion full weight is supported by substantial evidence, and the court will not disturb same.

Next, as to the ALJ's refusal to accord weight to the determination of the Saratoga County DSS that Daley is disabled within the meaning of New York State regulations, it is well settled that the responsibility to decide whether an applicant for SSI is disabled within the meaning of the Social Security Act rests

11

solely with the Commissioner.  See 20 C.F.R. § 416.927(e)(2).  Therefore, the court will not disturb the ALJ's finding in that regard.

Finally, Daley contends that the ALJ erred at step five of the sequential evaluation process when he improperly considered the opinion of Ms. Andrews, the vocational expert.  Initially it is important to emphasize that "[a]t step five the burden shifts to the Commissioner to show there is other gainful work in the national economy [which] the claimant could perform."  Butts, 388 F.3d at 383 (quoting Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998) (internal quotation marks and citation omitted)).  Here, Ms. Andrews testified it is her opinion that Daley retains the RFC to perform a position in small product assembly or the position of preparer.  On examination by Daley's attorney, however, she admitted that she did not consider certain evidence of record in forming her opinion.  See Exhs. 12F and 13F, Tr. 378-395.  Said evidence revealed that Daley often has deficiencies in maintaining concentration, persistence or pace, Tr. 388, and that he Daley is moderately limited in the ability to maintain attention and concentration for extended periods, Tr. 392.  When queried as to whether the existence of said limitations would affect her opinion as to whether Daley could perform the positions of preparer or small product assembler, Ms. Andrews indicated that it would, and that in fact, said limitations would eliminate those positions, and any others, as possible positions for which  Daley retained the RFC to perform in the national economy.  Tr. 132-33.

Not only did the ALJ fail to address this issue in his determination regarding Daley's RFC, the Commissioner also failed to address it in his papers in support of the instant motion.  Again, it is important to emphasize that "[a]n ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a

court to determine whether substantial evidence supports the decision." Gravel v. Barnhart, 360 F.Supp.2d 442, 444-445 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  Because the ALJ failed to do so with respect to Daley's RFC, the court is unable to determine whether substantial evidence supports his conclusion that Daley retains the RFC to perform the position of preparer or a position in small product assembly, and that therefore he is not disabled within the meaning of the Social Security Act.  Accordingly, this case is remanded to the Commissioner for administrative proceedings consistent with this opinion, not the least of which should include an evaluation of the evidence in Exhibits 12F and 13F as they relate to Daley's RFC.

## VI.  Conclusion

For the reasons set forth above it is hereby ORDERED that defendant's motion for judgment on the pleadings is GRANTED in part and DENIED in part, and it is further

ORDERED that plaintiff's motion for judgment on the pleadings is DENIED and, and it is further

ORDERED that the case be REMANDED to the Commissioner pursuant to 42 U.S.C. § 405(g) for further administrative proceedings regarding plaintiff's residual functional capacity consistent with this opinion.

IT IS SO ORDERED.

DATED: August 2, 2007
       Syracuse, New York

_____
Neal P. McCurn
Senior  U.S. District Judge

13