UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

Robert Daley,

                                  Plaintiff,

    -v.-                                              1:05-CV-00047
                                                                     (NPM)

Commissioner of Social Security,

                                  Defendant.

APPEARANCES:                           OF COUNSEL:

FOR THE PLAINTIFF:

Office of Stephen J. Mastaitis, Jr.        Stephen J. Mastaitis, Jr.
1412 Route 9P
Saratoga Springs, NY 12866

FOR THE DEFENDANT:

Glenn T. Suddaby                       William H. Pease, AUSA
United States Attorney
100 South Clinton Street
Syracuse, NY 13261-7198

Barbara L. Spivak                        Kimberly L. Schiro,
Chief Counsel - Region II               Assistant Regional Counsel
Office of the General Counsel
Social Security Administration
Baltimore, MD 21235

Neal P. McCurn, Senior District Judge

## *Memorandum, Decision and Order*

### *I. Introduction*

Presently before the court is a motion by defendant Commissioner of Social Security ("Commissioner") pursuant to Federal Rule of Civil Procedure 59(e) seeking an amendment of this court's August 10, 2007 Order and Judgment, insofar as it remanded the case to the Administrative Law Judge ("ALJ") for further findings regarding step five of the sequential evaluation process. Plaintiff, Robert Daley ("Daley" or "Plaintiff") opposes. Also before the court is a motion by Plaintiff for attorney's fees. Defendant did not respond to this motion. Both motions are decided on the papers submitted, without oral argument.

### *II. Background*

After timely filing this civil action challenging the Commissioner's finding that is not disabled, Daley filed a motion for judgment on the pleadings, and the Commissioner cross filed. Daley essentially opposed the ALJ's conclusion, at step five of the sequential evaluation process, that he retains the capacity to perform jobs existing in significant numbers in the national economy. Specifically, as it relates to the present motion, Daley argued that the ALJ improperly relied on testimony of a vocational expert.

Vocational expert Julie Andrews testified at a hearing before the ALJ that Daley is capable of performing the necessary functions of a position in "small product assembly", and of the position of "preparer". Tr. 129-131. On

examination by Daley's counsel, Ms. Andrews agreed that she did not consider either exhibit 12F (psychiatric review technique form) nor exhibit 13F (mental residual functional capacity assessment) both conducted by Michelle Marks, Ph. D, a state agency psychologist.  Tr. 132.  A checked box on the psychiatric review form reveals that Daley often has deficiencies in maintaining concentration, persistence or pace.  Tr. 388.  A checked box on the mental residual functional capacity ("MRFC") assessment form reveals that Daley is moderately limited in the ability to maintain attention and concentration for extended periods.  Tr. 392.  Ms. Andrews testified that both of the aforementioned limitations would impact her opinion as to whether Daley could perform the positions of preparer or small product assembler, and that in fact, said limitations would eliminate those positions, and any others, as possible positions for Daley to perform.  Tr. 132-33.

Daley argued that the ALJ erred at step five of the sequential evaluation process when he improperly considered the opinion of Ms. Andrews to conclude that Daley retains the capacity to perform jobs existing in significant numbers in the national economy.  The court noted that the ALJ failed to address Ms. Andrews's testimony that she would have reached a different conclusion had she considered certain information in the psychiatric review or the MRFC assessment conducted by Dr. Marks.  Considering the burden falls on the Commissioner at step five to establish that there is other gainful work in the national economy which the claimant can perform, see Balsamo v. Chater, 142 F.3d 75, 80 (2d Cir. 1998), and that "[a]n ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision[,]" Gravel v. Barnhart, 360 F.Supp.2d 442, 444-445 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir.

1984)), the court remanded this case to the Commissioner for further findings with respect to Daley's residual functional capacity ("RFC") such that the court may be able to determine whether substantial evidence supports the conclusion that Daley retains the RFC to perform jobs existing in significant numbers in the national economy, and that therefore he is not disabled within the meaning of the Social Security Act.

The Commissioner timely filed a Rule 59(e) motion to amend judgment, arguing that the specific information at issue in the psychiatric review and the MRFC assessment, regarding which Ms. Andrews testified at the hearing before the ALJ, does not constitute opinion evidence relating to a claimant's RFC, and therefore, the ALJ is not required to consider same. Daley argues that to reach the conclusion suggested by the Commissioner would be to "deny the claimant a full and fair complete evaluation of the medical evidence." Pl.'s Resp. to Mot., at 2, Dkt. No. 17. Upon review of the arguments of both parties as well as the relevant law regarding the motion to amend judgment, the court declines to alter or amend its earlier decision, and therefore denies Defendant's motion. In addition, the court grants Plaintiff's motion for attorney's fees under the Equal Access to Justice Act. See 28 U.S.C. §2412(d).

### III.  Discussion

It is well settled that when making a motion to alter or amend judgment pursuant to Rule 59(e),

> the moving party must show that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion. See Nakano v. Jamie Sadock, Inc., No. 98 Civ. 0515, 2000 WL 1010825, at *1 (S.D.N.Y. July 20, 2000); Walsh v.

> McGee, 918 F.Supp. 107, 110 (S.D.N.Y.1996).  However, in addition, '[a] court is justified in reconsidering its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent obvious injustice.  Nnebe v. Daus, No. 06 Civ. 4991, 2006 WL 2309588, at *1 (S.D.N.Y. Aug. 7, 2006).  New evidence, for these purposes, must be evidence that 'could not have been found by due diligence.' Word v. Croce, No. 01 Civ. 9614, 2004 WL 434038, at *4 (S.D.N.Y. March 9, 2004).

Constellation Brands, Inc. v. Arbor Hill Associates, Inc., No. 02-CV-6498, 2008 WL 723784, at *2 (W.D.N.Y. Mar. 14, 2008).  Here, the issues before the court in the present motion were not brought to the court's attention before it decided the underlying motions for judgment on the pleadings.  The Commissioner, having filed his brief in support of his Rule 12(c) motion a full six weeks after Daley filed his brief, was well aware of Daley's argument that the ALJ erred in accepting Ms. Andrews's conclusion regarding Daley's RFC despite her testimony that had she considered certain information in the psychiatric review or the MRFC assessment forms, her conclusion would have been different.  The court may, however, grant the Commissioner's motion in order "to remedy a clear error of law or prevent obvious injustice," id. (quoting Nnebe, 2006 WL 2309588, at *1), which is apparently the basis upon which the Commissioner seeks relief.

The Commissioner now brings to the court's attention several administrative publications which shed light on the manner in which the ALJ was directed to review the MRFC assessment and the psychiatric review forms.  First, the Commissioner argues that the check box notations, regarding which Ms. Andrews testified, are not opinion evidence, and therefore the ALJ was not required to consider them in making a determination about Daley's RFC.

5

Specifically, according to the Commissioner, the limitations identified by the psychiatric review form, SSA-2506-BK, are not an RFC assessment, but are used to assess, at steps two and three of the sequential evaluation process, the severity of a claimant's impairment and whether or not it meets a listing, respectively. See Commissioner's Brief in Supp. of Rule 59(e) Mot. at 3, citing Social Security Ruling ("SSR") 96-8p; Program Operations Manual System ("POMS") DI 24510.006.[C].4. Similarly, the Commissioner notes, the check box notations included in Section I of the MRFC assessment form, SSA-4734-F4-SUP, are "merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment." See Commissioner's Brief at 3, quoting POMS DI 24510.060.B.2. It is Section III of Form SSA-4734-F4-SUP, the Commissioner argues, which includes the RFC determination. See Commissioner's Brief at 4, citing POMS DI 24510.060.B.4.

    Initially, it is important to note that while "POMS guidelines 'ha[ve] no legal force, and [they] do[] not bind the Commissioner,'" Binder & Binder PC v. Barnhart, 481 F.3d 141, 151 (2d Cir. 2007) (alteration in original) (quoting Schweiker v. Hansen, 450 U.S. 785, 789, 101 S.Ct. 1468, 1471 (1981)), the Second Circuit has also declared that the POMS "deserve substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute," Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998).

    Here, as the Commissioner now points out, the POMS specifically instruct the adjudicator that, regarding the psychiatric review form, "the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and

6

3 of the sequential evaluation process." POMS DI 24510.006.C.4.  Stated another way, the check box notation at issue here is to be used by the ALJ to determine whether or not Daley has a severe impairment, and if so, whether that impairment meets one of those listed in Appendix 1 of the regulations, not whether he retains the functional capacity to perform his past relevant work, or any other work.  See 20 C.F.R. § 416.920.  The POMS also state that, regarding the MRFC form, the Summary Conclusions section (Section I) "is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and **does not constitute the RFC assessment**."  POMS DI 24510.060.B.2 (emphasis in original).  Further, according to the POMS, it is Section III of the MRFC form which is where "the **actual mental RFC assessment is recorded**, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings."  POMS DI 24510.060.B.4 (emphasis in original).

     Here, state agency psychologist, Dr. Marks, completed a psychiatric review form, SSA-2506-BK, on September 6, 2001.  Tr. 378.  In Section III of that form, titled "Rating of Functional Limitations," she checked the box labeled "often" to describe the degree of limitation Daley experiences in the functional limitation labeled, "Deficiencies in Maintaining Concentration, Persistence, or Pace."  Tr. 388.  Section IV of the psychiatric review form, titled, "Consultant's Notes" is left blank.  Tr. 390.  On the same day, Dr. Marks also completed an MRFC form, SSA-4734-BK.  Tr. 392.  As part of the Summary Conclusions (Section I) she checked the box labeled, "Moderately Limited" next to the activity labeled, "The ability to maintain attention and concentration for extended periods."  Tr. 392.  As part of her "Functional Capacity Assessment" in Section III of the MRFC form, Dr.

7

Marks noted that "despite cognitive and emotional deficits and resulting difficulties with concentration, and confusion, [Daley] retains the ability to understand and follow directions, sustain a reasonable pace, maintain socially appropriate behavior, make simple decisions, and adapt to minor changes."  Tr. 394.  It is this narrative that the Commissioner points to in support of his argument that the ALJ's conclusion here is supported by substantial evidence, as it is consistent with Dr. Marks's finding.  However, the court is concerned that the narrative, especially the conclusion that Daley retains the ability to sustain a reasonable pace, does not adequately address the seemingly contradictory findings that Daley "often" is deficient in maintaining concentration, persistence, or pace and that he is "moderately limited" in maintaining attention and concentration for extended periods.  Accordingly, it may not have been appropriate for the ALJ to rely on that narrative when making his own RFC assessment.  See Lembke v. Barnhart, No. 06-C-0306-C, 2006 WL 3834104, at *11 (W.D.Wis. Dec. 29, 2006) (acknowledging that POMS guidelines direct the ALJ not to use the Summary Conclusions in Section I of the MRFC form as an RFC assessment, but finding nonetheless that the ALJ is required to explain how those limitations were accommodated in his own RFC assessment, or if he disagreed with the state agency psychologist's limitations, give the reasons for same).  But cf. Howard v. Astrue, No. 06-96-B-W, 2007 WL 951389, at *4 (D.Me. Mar. 27, 2007) (upholding the decision of an ALJ which ignored restrictions identified in Section I of the MRFC form, "including the restriction that the vocational expert testified would preclude all work[,]" where the psychologist who completed the form adequately explained and accounted for said restrictions in the Section III narrative).

It is troubling to the court that the ALJ failed to address in his decision the vocational expert's testimony that had she considered evidence which suggested that Daley "often" is deficient in maintaining concentration, persistence, or pace or that he is "moderately limited" in maintaining attention and concentration for extended periods, she would have concluded that there are no positions in the national economy which he is able to perform.  Moreover, the ALJ failed to address the seeming discrepancy between the state agency psychologist's findings in Section III of the psychiatric review form and Section I of the MRFC form, and her RFC assessment in Section III of the MRFC form, especially considering both forms were completed on the same day.  While this court recognizes that the POMS guidelines are due some level of deference, it nonetheless questions the appropriateness of their application by the ALJ in this case.  Again, the court emphasizes that "[a]n ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision."  Gravel v. Barnhart, 360 F.Supp.2d 442, 444-445 (N.D.N.Y. 2005) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  Accordingly, Defendant's motion to amend or alter this court's judgment remanding this case to the Commissioner for further findings is denied.

Remaining for the court's consideration is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  See 28 U.S.C. §2412(d).  According to the EAJA,

> a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ..., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States

>was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A).  Accordingly, a plaintiff will be awarded attorney's fees if he is a "prevailing party" and alleges that the government's actions were not substantially justified.  See McKay v. Barnhart, 327 F.Supp.2d 263, 267 (S.D.N.Y. 2004).  Once such an allegation is made, the burden shifts to the government to establish that its position was substantially justified.  See id.

A plaintiff will be considered a "prevailing party" if he has "achieved a judicially-sanctioned material alteration of the legal relationship between the parties." Id., at 266(citing Roberson v. Giuliani, 346 F.3d 75, 79 (2d Cir. 2003). The Supreme Court has held that, as in the underlying decision of this court, a remand pursuant to 42 U.S.C. § 405(g) "is a final judgment that qualifies a plaintiff for prevailing party status." Id. at 266-267, citing Shalala v. Schaefer, 509 U.S. 292, 302, 113 S.Ct. 2625 (1993).  Accordingly, Plaintiff here has met his burden to show that he is a prevailing party.  Considering the Commissioner's failure to submit papers in opposition to Plaintiff's motion for attorney's fees, the court finds that he has not met his burden to show that his actions were substantially justified, and has not brought to the court's attention any special circumstances that would render an award of attorney's fees unjust.  Therefore, Plaintiff is entitled to an award of attorney's fees.

In order to calculate an appropriate fee, the court must multiply the number of hours spent on the matter by a reasonable hourly rate.  See Paramount Pictures Corp. v. Hopkins, No. 5:07-CV-593, 2008 WL 314541, at *4 (N.D.N.Y. Feb. 4, 2008).  The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a

special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts have generally awarded a cost of living increase by applying the Consumer Price Index ("CPI") average annually to the attorney's hourly fee rate. See McKay, 327 F.Supp.2d at 270; Greenidge v. Barnhart, No. 6:04-CV-0379, 2005 WL 357318, at *5 (N.D.N.Y. Feb. 11, 2005).

Here, Plaintiff seeks, unopposed, an award of attorney's fees in the amount of $3,131.64. By declaration, counsel for Plaintiff submits that he spent 1.25 hours in 2004, 15 hours in 2005, 1.5 hours in 2006 and 2.25 hours in 2007 on Plaintiff's case. Counsel for Plaintiff seeks an hourly rate, based on the CPI, of $149.89 for 2004, $155.66 per hour for 2005, $161.84 per hour for 2006, and $162.94 per hour for 2007. Because these rates do not appear excessive, and because the Commissioner did not oppose Plaintiff's motion, the court will accept Plaintiff's proposed hourly rates. See Torres v. Barnhart, No. 02-Civ.-9209, 2007 WL 1810238, at *15 (S.D.N.Y. June 25, 2007) (accepting proposed rates of $154 for 2004, $160 for 2005, and $166 for 2006 and 2007where the opposing party did not object). Accordingly, Plaintiff's motion for attorney's fees in the amount of $3,131.64 is granted.

## IV. Conclusion

In accordance with the foregoing discussion, it is ORDERED that the motion by defendant, Commissioner of Social Security, for an order altering or amending this court's August 2, 2007 judgment, see Dkt. No. 14, pursuant to Federal Rule of Civil Procedure 59(e) is DENIED; and it is further

ORDERED that the motion for attorney's fees by plaintiff, Robert Daley,

11

see Dkt. No. 12, is GRANTED.

In accordance with this court's August 2, 2007 Memorandum, Decision, and Order, this case is REMANDED to the Commissioner pursuant to 42 U.S.C. § 405(g) for further administrative proceedings regarding Plaintiff's residual functional capacity consistent with said opinion.


IT IS SO ORDERED.

DATED:   April 24, 2008
         Syracuse, New York


_____
Neal P. McCurn
Senior U.S. District Judge